## DOMINIQUE FRANÇOIS BURTHE, and another, *v.* E. LEON BERNARD.

A bond taken in the name of the sheriff, on a sale, under execution, at twelve months' credit, is for the benefit of the judgment creditors; hence the law requires, if there be several such creditors, that as many bonds be taken as may be necessary to deliver to each party his just portion of the price. These bonds should be made out in the names of the different parties, among whom the price is to be divided.

Where a single bond was taken, in the name of the sheriff, on a sale, under execution, at twelve months' credit, for the whole price of the property, which was sold free from all incumbrances, it represents the whole price, and belongs to the several parties interested, according to their rights in the property itself.

A bond taken in the sheriff's name, on a sale, under execution, at twelve months' credit, is in his hands only as a deposit. He has no property in it, which he can transfer to any other person than the party for whose benefit it was taken. Where such a bond has been assigned to a third person, the parties entitled to it will have the same remedies against the assignee, as against the sheriff, had he retained it and received the amount.

The Recorder of Mortgages, having erased plaintiff's mortgage, without his consent; and the sheriff having sold the land, seized at the suit of the plaintiff, at twelve months' credit, and assigned to a third person the bond taken for the prcie, *held:* that plaintiff may look to the Recorder of Mortgages for indemnity, or to the proceeds of the sale in the hands of such third person, at his pleasure.

APPEAL from the District Court of the First District, *Buchanan*, J.

This case was submitted on the points filed, by *Soulé*, for the appellant, and *V. Burthe*, for the appellees.

MORPHY, J. Under an execution issued from the City Court of New Orleans, by virtue of a judgment against Copland and

McLawrie, the city marshal, B. Beauregard, levied upon and exposed for sale two lots of ground, on which the petitioners had a special mortgage as vendors, for the sum of $1484 64, with interest from the 29th of March, 1837. The lots not reaching to two thirds of their appraisement, were again offered for sale on a credit of twelve months, and were adjudicated to one F. A. Conant for $3600. The purchaser executed his bond payable to the marshal for the full amount of the adjudication, on the latter raising all the mortgages existing on the property. The marshal endorsed this bond, making it payable to bearer, and had it negotiated to the defendant, through W. L. Palmer, a broker. Neither the mortgage, nor the suing creditors were paid out of the proceeds of the sale. Under these facts, the petitioners aver, that by reason of their mortgage, they were the first to be paid out of the price obtained for the property seized ; that the transfer to the defendant was illegal and void, the marshal having no right whatever to said bond, which was in his hands only as a deposit ; and that the defendant cannot be considered as a *bona fide* holder of the bond, it being apparent, from the face of the instrument itself, that the marshal had no right or title to it. They pray that the defendant may be decreed to deliver up to them the bond, and in default thereof to pay the full amount of their debt, with interest and costs. The answer denies this right of the plaintiffs to sue on the bond, they not being parties to the suit, in which the order of seizure was issued. It avers insubstance, that the bond was transferable, and that the defendant became the transferree of it *bona fide*, and for a valuable consideration; that he was not bound to know whether all those, who might have an interest in the property sold, were secured ; that the mortgages could not have been erased unless with the consent of the interested parties, or on the exhibition of legal proof that they had been duly satisfied ; that the maker of the bond, and his endorser, were the only persons that the defendant had to look to for payment, and that they have made no objection ; that the rights of the petitioners must either have been annulled, in which case they can no longer claim under them, or those rights are yet in existence, and the property sold must be looked to by them to satisfy the same. This answer, which is somewhat of an argument, concludes with a prayer, that B. Beauregard, the city marshal, and Pierre Landreaux, the

Recorder of Mortgages, be made parties to this suit, and be held liable to the defendant for any loss, which he may sustain in consequence of the transfer made to him of said bond; the first, on account of a violation of duty, and of his having received the amount of the bond; the latter, for having erased the mortgages standing recorded against the property sold to F. A. Conant, upon an illegal order, and in an illegal manner. The marshal made no answer, and the Recorder of Mortgages denied the right of the defendant to make him a party to this suit, averring at the same time, that the mortgages in question had been erased according to law. There was a judgment below in favor of the plaintiffs, and P. Landreaux, from which the defendant appealed.

The bond taken on a sale on twelve months' credit, is for the benefit of the judgment creditor; hence the law requires, if there be several judgment creditors, that as many bonds be taken, as may be necessary to deliver to each party his just portion, after deducting the costs. Although the Code of Practice contains no express direction to that effect, it would seem reasonable to make out these bonds in the names of the several parties in interest, among whom the price of the property is to be divided. A different course however appears to have been followed, and these bonds are generally taken in the name of the sheriff, in his official capacity. The law further directs, that when the property sold is subject to privileges and special mortgages, a bond shall be taken only for the surplus of the price, after deducting such privileges and special mortgages. Code of Practice, arts. 716, 717, and 718. In the present case, the marshal complied with none of these requirements of law. He took a single bond for the whole price of the property, which was sold free from all previous incumbrances. It does not appear, that this was done with the consent of the mortgage creditors, as is sometimes the case when the latter wish to avoid the necessity of an hypothecary action against the property, which by the forced sale is about to pass into the hands of a third person. But whether the adjudication was thus made by consent or not, it is clear that this bond, in the hands of the marshal, represented the whole price of the property sold, and belonged to the several parties having an interest in it, according to their right on the property itself. It was in the hands of that officer only as a deposit; he had no proprietary

Burthe and another *v.* Bernard.

right to it, which he could transfer to the defendant; and the several parties entitled to a portion of the price represented by this bond, have, against the latter, the same right which they would have had against the marshal, had he remained in possession of it, and received its amount. Of this the defendant cannot complain, for on the face of the bond itself he saw, that it was not a negotiable instrument; that it could be assigned by the marshal only to the parties in interest, for whose benefit it had been taken. The rule introduced in aid of trade and commerce, by which purchasers and transferrees of negotiable paper may obtain a valid title against the real proprietor from a holder *non domino,* does not apply to a case like the present. The good faith of the defendant cannot protect him, for he acted without sufficient caution, and under circumstances which should have led him to suspect the true state of the case. It is said that the defendant had no better means of ascertaining that all persons interested in the sale of the property, for which the bond was furnished, had been duly satisfied, than by consulting the records of the Recorder of Mortgages, and by seeing that all the mortgages, bearing on the property, had been erased. It appears to us, that the circumstance that the mortgages were cancelled, even those which existed on the property at the time it was seized, and which, under the law, the marshal had no right to erase, should have furnished the defendant with an additional reason for being upon his guard. The tenor of the bond informed him, that the property had been sold for the sum of $3600. He must have known, that all those who had rights on the property, would look to its proceeds: the plaintiffs, whose mortgage had been illegally cancelled; the seizing creditor, whose judgment was unsatisfied; and the owner, for such balance as might be coming to him, after the payment of his debt. But it is insisted, that if the plaintiffs have been injured by the improper erazure of their mortgage, they must look to the Recorder of Mortgages for indemnity, and not to the transferree of the bond received in payment. We are of opinion, that if the plaintiffs' mortgage has been erased without their consent, they are entitled to both remedies. Having looked to the proceeds in the hands of the defendant, the latter cannot defeat their claim by showing the liability of the Recorder of Mortgages to indemnify them, in case they suffer by his act. As to the indemnity,

which the defendant claims of that functionary, we cannot perceive, why he should have it. If he suffers any loss in the premises, it is not in consequence of the erazure of the plaintiffs' mortgage, but because he has incautiously discounted paper, which was not of a negotiable character.

*Judgment affirmed.*